UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIO CESAR VALDEZ-SANCHEZ,  )
                                                   )   CASE NO. C11-1483-RAJ-MAT
        Petitioner,  )
                                                   )
    v.  )   SUPPLEMENTAL REPORT AND
                                                   )   RECOMMENDATION
NATHALIE ASHER,  )
                                                   )
        Respondent.  )
_____  )

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, confined at the Northwest Detention Center in Tacoma, Washington by the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention. (Dkt. No. 7.) He requests that the Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. On January 9, 2012, the undersigned Magistrate Judge issued a Report and Recommendation (R&R), recommending that petitioner's habeas petition be granted and respondent's motion to dismiss be denied. (Dkt. No. 15.) The undersigned Magistrate Judge found that petitioner was entitled to an individualized bond hearing before an immigration

judge and to be released from custody unless the government establishes by clear and convincing evidence that he is a flight risk or a danger to the community. *Id*. at 5-6 (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond at a *Casas* hearing); *Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)). The Court further found that although petitioner had received a *Casas* bond hearing, the immigration judge failed to properly allocate the burden of proof on the government. *Id*.

On January 6, 2012, three days before the undersigned Magistrate Judge issued the R&R, the immigration judge conducted another *Casas* bond hearing. In a memorandum decision dated January 30, 2012, the immigration judge found the government had met its burden to establish by clear and convincing evidence that petitioner's continued detention was justified because he presented a danger to the community and a flight risk, and denied bond. (Dkt. No. 17, Ex. 1.)

## II. DISCUSSION

In *Casas-Castrillon*, the Ninth Circuit addressed the prolonged detention of aliens under 8 U.S.C. § 1226 pending direct judicial review of their administratively final orders of removal. *Casas-Castrillon*, 535 F.3d at 942. The Court determined that even where detention is statutorily permissible, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Id*. at 950 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). The Court held that such aliens are entitled to a

bond hearing before a neutral immigration judge with the power to grant them bail unless the government establishes by clear and convincing evidence that they are a flight risk or will be a danger to the community. *Id*. at 951; *Singh*, 638 F.3d at 1205.

Here, however, the record shows that on January 6, 2012, petitioner received a *Casas* bond hearing before an immigration judge. (Dkt. No. 17, Ex. 1.) The immigration judge determined that the government had established by clear and convincing evidence that petitioner's continued detention was justified because he presented a danger to the community and a flight risk. *Id*. at 5-6.

Because petitioner was afforded a *Casas* bond hearing before an IJ, he has received all of the benefits of due process he is entitled, and his petition has become moot and should be dismissed. *See Prieto-Romero*, 534 F.3d at 1065-66 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008).

### III. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of March, 2012.

Mary Alice Theiler
United States Magistrate Judge